ORIGINAL

**UNITED STATES COURT OF FEDERAL CLAIMS**

FILED
MAY - 6 2004
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **JOWETT, INC.**<br>**9106 Brandywine Road**<br>**Clinton, MD 20735**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA**<br><br>**Defendant.** | **Action No:** 04- 790C |

## COMPLAINT

Plaintiff Jowett, Inc. by its attorneys Joel S. Rubinstein and Andrew N. Cook, for its Complaint against the Defendant The United States of America seeks monetary damages and other relief on its claims and states as follows:

## THE PARTIES

1. Plaintiff Jowett, Inc. ("Jowett") is a corporation organized and existing under the laws of the State of Maryland, has its principal place of business in Clinton, Maryland and at all times pertinent hereto was qualified, and did business, as a construction contractor in Maryland. Jowett was a party to the contract with the United States at issue in this action.

2. Defendant is The United States Government which was a party to the contract at issue, acting by and through the Department of Health and Human Services, National Institutes of Health (hereinafter "NIH") located in Bethesda, Maryland.

## JURISDICTION

3. This suit seeks de novo review of the Contracting Officer's final decision dated May 12, 2003. The Court has jurisdiction over this action pursuant to Section 10(a) of the Contract Disputes Act of 1978 (41 USC §609(a)) ("CDA"), and 28 U.S.C. §1491.

## FACTS COMMON TO ALL COUNTS

4. Jowett entered into a contract with NIH otherwise identified as Contract No. 292-01-C-0010. The project is described as Fire Station #51, NIH, Bethesda, Maryland.

5. The scope of work provided for the construction of a new Fire Station at NIH.

6. During the course of contract performance, several disputes arose between the parties. The claims asserted in this Complaint represent claims or costs incurred by Jowett and/or its subcontractors and suppliers. To the extent that said claims and/or costs relate to subcontractor costs, such claims are sponsored by Jowett pursuant to its obligations under the respective subcontracts.

## COUNT I
**(Jowett #170-061: Drywall Door Frame Corrections)**

7. Paragraphs 1-6 are incorporated as if fully set forth herein.

8. This Count specifically involves a claim by Jowett for an equitable adjustment in contract price in the amount of $5,968.00 and a compensable time extension of 2 calendar days.

9. The contractual basis for the claim includes respectively, Changes – Fixed Price; and FAR 52.233-1, Disputes.

10. Due to a conflict between the partition schedule on drawing A-2 and the hollow metal door frame "throat" sizes dictated by the door schedule on drawing A-16, the fiberock on the project had to be upgraded from ½" to 5/8" and additional drywall, labor and installation work had to be performed.

11. By letter dated December 16, 2002, Jowett forwarded a letter including a cost breakdown for the extra work and Jowett performed this work at the government's direction.

12. By letter dated March 8, 2003, Jowett submitted its certified claim to the Government and requested a Contracting Officer's final decision. (Exhibit 1)

13. By letter dated May 12, 2003, the Contracting Officer issued its final decision denying Jowett's claim but stated "the Government does recognize that it may be liable for a portion of the work in question and would therefore like to hold discussions with Jowett…." (Exhibit 2)

14. During a meeting on site with the Government on May 14, 2003, the Government agreed to pay Jowett $5,711.00 for the work but no payment has been made to date.

15. The Government's directive for the above-reference work constitutes a change to the contract between the parties entitling Jowett to an equitable adjustment under the Changes clause of the Contract, or reformation, as appropriate for all additional costs, impacts, and delays incurred as a result, in the amount of $5,968.00 and a compensable time extension of 2 calendar days.

WHEREFORE, Jowett, Inc. respectfully request this Honorable Court to grant judgment in favor of Jowett, Inc. against Defendant The United States of America on Count I of the Bill of Complaint as follows:

a. Monetary relief in the sum of $5,968.00 or as the Court, based on the evidence adduced at trial, deems appropriate and a 2 calendar day time extension;

b. Statutory interest under the Contract Disputes Act; and

c. Such other and further relief that the Court deems just and proper.

**COUNT II**
**(Jowett #170-166R: Raise Duct Above Joist, Rev. 1)**

16. Paragraphs 1-6 are incorporated as if fully set forth herein.

17. This is a claim by Jowett for an equitable adjustment in contract price and a compensable time extension in amounts to be determined at trial.

18. The contractual basis for the claim includes, Changes Fixed Price; and FAR 52.233-1, Disputes.

19. Jowett submitted shop drawings for the installation of the variable air volume boxes ("VAV" Boxes). These drawings were approved without notation. The coordinated drawings placed the main supply ducts for the Upper Level of the Support Building above the light gauge roof trusses as opposed to below the trusses as originally shown on Drawing M-03. The approved coordinated drawings place the VAV boxes on the Upper Level above-the concealed drywall ceilings.

20. By email dated November 4, 2002, the Government directed that the VAV boxes be installed below the concealed drywall ceiling.

21. Jowett had this work performed under protest and incurred additional costs of $5,445.00.

22. By letter dated March 8, 2003, Jowett submitted its certified claim to the Government and requested a Contracting Officer's final decision. (Exhibit 1)

23. By letter dated May 12, 2003, the Contracting Officer issued its final decision denying Jowett's claim. (Exhibit 2)

24. The Government's directive for the above-reference work constitutes a change to the contract between the parties entitling Jowett to an equitable adjustment under the Changes clause of the Contract, or reformation, as appropriate for all additional costs, impacts, and delays incurred as a result, in the amount of $5,445.00 and a compensable time extension of 5 calendar days.

WHEREFORE, Jowett, Inc. respectfully request this Honorable Court to grant judgment in favor of Jowett, Inc. against Defendant The United States of America on Count II of the Bill of Complaint as follows:

a. Monetary relief in the sum of $5,445.00 or as the Court, based on the evidence adduced at trial, deems appropriate and a 5 day time extension;

b. Statutory interest under the Contract Disputes Act; and

c. Such other and further relief that the Court deems just and proper.

**COUNT III**
**(Jowett #170-169; Added Service Conductors)**

25. Paragraphs 1-6 are incorporated as if fully set forth herein.

26. This is a claim by Jowett for an equitable adjustment in contract price and a compensable time extension in amounts to be determined at trial.

27. The contractual basis for the claim includes, Changes Fixed Price; and FAR 52.233-1, Disputes.

28. Contract drawing Page E-1, Power Riser Diagram, references a transformer that was actually nonexistent at the time of bid.

29. The noted "fifty feet" of new duct bank mentioned on E-11 and the scaled measurement of twenty-one meters (see C-4) for the same service conductors were the only reference points available for determining the service conductor footage.

30. Jowett, through its subcontractor, factored the longer of the lengths (63 feet) plus 10 additional feet to terminate the Main Distribution Panel.

31. Installation actually required 270 feet of service conductors. Deducting the 73 feet included in its bid estimate leaves an additional installation requirement of 197 feet.

32. The costs incurred for installation of the additional 197 feet amounted to $20,938.00.

33. By letter dated March 8, 2003, Jowett submitted its certified claim to the Government and requested a Contracting Officer's final decision for having to perform this work in the amount of $20,938.00. (Exhibit 1)

34. By letter dated May 12, 2003, the Contracting Officer issued its final decision denying Jowett's claim. (Exhibit 2)

35. Jowett believes the Government paid Jowett's subcontractor directly for this work which was performed under Jowett's direction. The claim is therefore reduced herein to $2,911.26 as this amount for costs incurred by Jowett only.

36. The Government's directive for the above-reference work constitutes a change to the contract between the parties entitling Jowett to an equitable adjustment under the Changes clause of the Contract, or reformation, as appropriate for all additional costs, impacts, and delays incurred as a result, in the amount of $2,911.26 and a compensable time extension of 5 calendar days.

WHEREFORE, Jowett, Inc. respectfully request this Honorable Court to grant judgment in favor of Jowett, Inc. against Defendant The United States of America on Count III of the Bill of Complaint as follows:

a. Monetary relief in the sum of $2,911.26 or as the Court, based on the evidence adduced at trial, deems appropriate and a 5 day time extension;

b. Statutory interest under the Contract Disputes Act; and

c. Such other and further relief that the Court deems just and proper.

Respectfully submitted,

Andrew N. Cook

Joel S. Rubinstein

BOYD & LLOYD, PLLC
1615 L Street, N.W.
Suite 1200
Washington, D.C. 20036
(202) 955-6828

**JOWETT INCORPORATED**

*General / Mechanical Contractors*

An Equal Opportunity Employer

JOWETT INC.
Est. 1950

9106 Brandywine Road
Clinton, MD 20735
(301) 868-2880
Fax (301) 868-7536

March 8, 2003

National Institutes of Health
9000 Rockville Pike, Bldg. 13, Room G800
Construction Contracts Branch, ORS
Bethesda, MD 20892

Attention: Dana Long

Re: Fire Station #51
NIH, Bethesda, MD
#292-01-C-0010/W.R. #HQP6003

SUBJECT: Request for Contracting Officer's Final Decision

Ladies and Gentlemen:

Pursuant with your e-mail dated February 28, 2003 and the verbal instruction given during our meeting at your office on March 5, 2003, Jowett, Inc. respectfully request's your decision on the following "Requests for Equitable Adjustment" in accordance with the "Disputes" clause # 52.233-1 in the FAR. The items in dispute are as follows:

| Jowett Proposal | Description | Dated | Amount |
|---|---|---|---|
| 170-061 | Drywall / Door frame Corrections | 1/21/03 | $5,968.00 |
| 170-066R | Raise Duct Above Joist, Revision # 1 | 3/8/03 | $5,445.00 |
| 170-069 | Added Service Conductors | 1/21/03 | $20,938.00 |
| | | Total Amount of Claim | $32,351.00 |

Due to the fact that this claim is less than $50,000.00, Jowett, Inc. requests that the Contracting Officer render her decision within 60 days in accordance with the FAR.

Jowett, Inc. hereby certifies that:
1) The claim is made in good faith.
2) The supporting data are accurate and complete to the best of our knowledge.
3) The amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable.

We look forward to your written response within the time frame indicated.

Respectfully Yours,

W.T. Jowett III
President

ALL-STATE LEGAL® EXHIBIT 1

DEPARTMENT OF HEALTH & HUMAN SERVICES

Public Health Services

National Institutes Health
Bethesda, Maryland 20892

CERTIFIED RETURN RECEIPT

May 12, 2003

Jowett Incorporated
9106 Brandywine Road
Clinton, Maryland 20735

Attention: Mr. W. T. Jowett III

Subject: Request for Contracting Officer's Final Decision

Re: Fire Station, Building 51, NIH, Bethesda, MD
Contract No. 292-01-C-0010

The Contracting Officer has reviewed your request for an Equitable Adjustment and has made the following determinations:

Jowett# 170-061, Drywall/Door frame corrections dated 1/21/03 in the amount of $5,968.00 is denied at this time. However, the Government does recognize that it may be liable for a portion of the work in question and would therefore like to hold discussions with Jowett, Inc. and the drywall subcontractor are recommended at this time due to changes made that were not on the drawings.

Jowett# 170-066R, Raise Duct Above Joist, Rev. #1 dated 3/8/03 in the amount of $5,445.00 is denied. The Government believes that this request has no merit because Jowett did not install the VAV boxes according to the contract requirements whereby the equipment would be accessible for servicing. If the coordinated drawings represented a major change or deviation from the contract requirements, Jowett Inc. should have identified the changes before proceeding. Also, Jowett Inc.'s project manager at the time of this incident, agreed with the Government that this was a no cost change, reference letter of December 16, 2002 attached.

Jowett# 170-069, Added Service Conductors dated 1/21/03 in the amount of $20,938.00 is denied at this time. However, the Government does recognize that it may be liable for a portion of the work in question and would therefore like to hold discussions with Jowett, Inc. and the electrical subcontractor.

ALL-STATE LEGAL EXHIBIT 2

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims; within 12 months of the date you receive this decision.

Sincerely,

Gina Jackson
Contracting Officer

Received By

5/13/03
Date