IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOWETT, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-790C |
| | ) | (Judge Sypolt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations in sentence one of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations in sentence two of paragraph 1 to the extent supported by the contract cited, No. 292-01-C-0010, which is the best evidence of its contents; otherwise denies the allegations in paragraph 1.

2. Admits that the United States is the defendant, and admits the allegations in paragraph 2 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 2.

3. The allegations in paragraph 3 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations in paragraph 4 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 4.

5. Admits the allegations in paragraph 5 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 5.

6. The allegations in paragraph 6 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Count I

7. Defendant's responses to paragraphs 1 through 6 of the complaint are incorporated by reference.

8. The allegations in paragraph 8 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations in paragraph 9 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits.

11. Admits the allegations in paragraph 11 to the extent supported by plaintiff's letter dated December 16, 2002, which is the best evidence of its contents; otherwise denies the allegations in paragraph 11.

12. Admits the allegations in paragraph 12 to the extent supported by plaintiff's letter to the Government dated March 8, 2003, which is the best evidence of its contents; otherwise denies the allegations in paragraph 12.

13. Admits the allegations in paragraph 13 to the extent supported by the Government's letter to plaintiff dated May 12, 2003, which is the best evidence of its contents; otherwise denies the allegations in paragraph 13.

14. Admits.

15. The allegations in paragraph 15 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Further denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 15, or to any relief whatsoever.

Count II

16. Defendant's responses to paragraphs 1 through 15 of the complaint are incorporated by reference.

17. The allegations in paragraph 17 are conclusions of law

and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations in paragraph 18 are conclusions of law and plaintiff’s characterization of its case to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegations in paragraph 19 to the extent supported by the "shop drawings" submitted by plaintiff to the Government, which are the best evidence of their contents; otherwise denies the allegations in paragraph 19.

20. Admits the allegations in paragraph 20 to the extent supported by the Government's e-mail message to plaintiff dated November 4, 2002, which is the best evidence of its contents; otherwise denies the allegations in paragraph 20.

21. Denies.

22. Admits the allegations in paragraph 22 to the extent supported by plaintiff's letter to the Government dated March 8, 2003, which is the best evidence of its contents; otherwise denies the allegations in paragraph 22.

23. Admits the allegations in paragraph 23 to the extent supported by the Government's letter to plaintiff dated May 12, 2003, which is the best evidence of its contents; otherwise

denies the allegations in paragraph 23.

24. The allegations in paragraph 24 are conclusions of law and plaintiff’s characterization of its case to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied. Further denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 24, or to any relief whatsoever.

Count III

25. Defendant's responses to paragraphs 1 through 24 of the complaint are incorporated by reference.

26. The allegations in paragraph 26 are conclusions of law and plaintiff’s characterization of its case to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations in paragraph 27 are conclusions of law and plaintiff’s characterization of its case to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied.

28. Admits the allegations in paragraph 28 to the extent supported by the contract drawings, which are the best evidence of their contents; otherwise denies the allegations in paragraph 28.

29. Admits the allegations in paragraph 29 to the extent

supported by the contract drawings, which are the best evidence of their contents; otherwise denies the allegations in paragraph 29.

30. Denies the allegations in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Denies the allegations in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Denies the allegations in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Admits the allegations in paragraph 33 to the extent supported by plaintiff's letter to the Government dated March 8, 2003, which is the best evidence of its contents; otherwise denies the allegations in paragraph 33.

34. Admits the allegations in paragraph 34 to the extent supported by the Government's letter to plaintiff dated May 12, 2003, which is the best evidence of its contents; otherwise denies the allegations in paragraph 34.

35. Denies the allegation in sentence one of paragraph 35 regarding what Jowett believes for lack of knowledge or information sufficient to form a belief as to its truth; denies

the allegation in sentence one of paragraph 35 that the Government paid Jowett's subcontractor directly. The allegations in sentence two of paragraph 35 are conclusions of law and plaintiff's characterization of its case to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied.

36. The allegations in paragraph 36 are conclusions of law and plaintiff's characterization of its case to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied. Further denies that plaintiff is entitled to the relief requested in the prayer for relief immediately following paragraph 36, or to any relief whatsoever.

37. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ ROBERT E. KIRSCHMAN, JR.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

S/ KELLY B. BLANK
KELLY B. BLANK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-1011
Fax. (202) 514-8624

Of Counsel:
MOGBEYI E. OMATETE
General Attorney
Department of Health and
Human Services
330 Independence Ave., S.W.
Room 4760
Washington, DC 20201
Tel. (202) 619-0179
Fax. (202) 619-2922

July 20, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 20, 2004, a copy of the foregoing "DEFENDANT’S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. BLANK